UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. CLAIR MARINE SALVAGE, INC.

        Plaintiff,                           Case No. 14-cv-11942

v.                                                Paul D. Borman
                                                 United States District Judge

S/Y WITCH OF ENDOR and                Michael Hluchaniuk
GREG AHO,                                         United States Magistrate Judge

_____/

ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM
ORDER OF ARREST (ECF NO. 9) AND SETTING STATUS CONFERENCE

Before the Court is Defendants' Motion for Relief From Order of Arrest. (ECF No. 9.) Plaintiff filed a Response. (ECF No. 10.) The Court has concluded that oral argument will not assist the Court in resolving the issues raised in the motion. *See* E.D. Mich. L.R. 7.1(f). For the reasons that follow, the motion is DENIED.

On May 20, 2014, this Court issued an Order Granting Plaintiff's Motion for Order Authorizing Issuance of Warrant for Arrest. (ECF No. 6.) As the Court found in its May 20, 2014 Order, a review of Plaintiff's Verified Complaint and all papers filed in support of the Motion demonstrated that the requirements of Fed. R. Civ. P. Supp. C(3) were met for instituting an *in rem* action. Rule C(3)(a)(I) provides that "[i]f the conditions for an in rem action appear to exist, the court *must* issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action." (Emphasis added.) The conditions having been met, the Court authorized the Clerk of this Court to issue a Warrant of Arrest.

Defendants' motion for relief from the Court's May 20, 2014 Order presents no evidence

challenging the Court's finding that the conditions set forth in Rule C(3) have been met in this case. Indeed, in a telephone conference with the Court on June 20, 2014, Defendant Aho admitted having executed a Salvage Contract with the Plaintiff and admitted that no payments have been made under that contract to the Plaintiff. The Court properly found that the conditions for a warrant of arrest have been met and authorized issuance of a Warrant of Arrest. This is the very basis of the Court's jurisdiction to further act in this matter with regard to the Vessel that is the subject of Plaintiff's alleged maritime lien, which Plaintiff properly verified through its Complaint and Motion for Order. "Attachment subjecting the res to the jurisdiction of the court is a prerequisite to a finding of in rem liability." *Dow Chemical Co. v. Barge UM-23B*, 424 F.2d 307, 311 (5th Cir. 1970) (citing *Lewis v. Maritime Overseas Corporation*, D. Or. 1958, 163 F. Supp. 453; 1 Benedict on Admiralty 11 at p. 20; *Ex Parte Republic of Peru*, 1943, 318 U.S. 578, at 587, 63 S.Ct. 793, 87 L.Ed. 1014; *The Resolute*, 1897, 168 U.S. 437, at 439, 18 S.Ct. 112, 42 L.Ed. 533); *Assoc. Metals & Minerals Corp. v. S.S. Protoria*, 484 F.2d 460, 461-62 (5th Cir. 1973) (district court erred in entering an in rem judgment against a ship where no process in rem was issued and no arrest had been authorized).[1]

Accordingly, Defendant's Motion for Relief from Order is DENIED and the Clerk of the Court is authorized to issue a Warrant of Arrest for the S/Y Witch of Endor, her engines, tackle, equipment, rigging, auxiliary vessels, furniture, appurtenances, *in rem*, and detain the same pending further order of this Court.

---

[1] Before proceeding further in this matter, the parties are advised to read Magistrate Judge Michael Hluchaniuk's August 4, 2014 Opinion in a case with which Plaintiff's counsel is familiar, *St. Clair Marine Salvage, Inc. v. Michael Bulgarelli, et al.*, No. 13-10316 (E.D. Mich. Aug. 4, 2014) (ECF No. 43). Plaintiff is advised to recall its own statements to the court in the *Bulgarelli* case that a contract that "is not ambiguous on its face should be enforced as written and agreed to by the parties," regardless how "inartfully or clumsily" worded. *Bulgarelli*, Pl.'s Reply Br. In Support of Motion for Summary Judgment (ECF No. 23, Sept. 24, 2013 at 1-2.)

The parties are further ORDERED to appear before the Court for a status conference on Monday, August 11, 2014 at 1:00 p.m.

IT IS SO ORDERED.

                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2014.

                                              s/Deborah Tofil  
                                              Case Manager