UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ST. CLAIR MARINE SALVAGE, INC.,
a Michigan Corporation,

           Plaintiff,

v.

S/Y "WITCH OF ENDOR" MC NO. 6137 TZ,

her engines, tackle, apparel, furniture,
equipment and all other necessities
appertaining and belonging, *in rem*, and
GREG AHO, *in personam*,

           Defendants.
_____/

Case No. 14-11942

Paul D. Borman
United States District Judge

Michael J. Hluchaniuk
United States Magistrate
Judge

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION TO COMPEL ARBITRATION (ECF NO. 19)

Before the Court is Plaintiff's Motion to Compel Arbitration. (ECF No. 19.) Defendants filed a Response. (ECF No. 25.) The Court heard argument on the motion on Monday, August 11, 2014. For the reasons that follow, the Court DENIES the motion.

**I.    BACKGROUND**

Plaintiff St. Clair Marine Salvage, Inc. ("St. Clair" or Plaintiff) filed the original Complaint in this action on May 15, 2014, alleging that on July 3, 2013, Defendant Greg Aho ("Aho") made a distress call to St. Clair indicating that the Defendant Vessel, a 1986 39 foot sailboat ("the Vessel") was hard aground in the St. Clair river and requesting St. Clair's assistance. (ECF No. 1, Compl. ¶ 6.) St. Clair dispatched a salvage vessel that arrived to find the Vessel hard aground and offered

1

to salvage the Vessel. St. Clair and Aho entered into a Salvage Agreement while standing aboard the grounded Vessel by both signing an electronic copy of St. Clair's Salvage Agreement on the salvage vessel captain's Ipad, providing for a total payment of $200 by Aho to St. Clair for successful salvage of the Vessel. St. Clair quickly freed the Vessel from the hard aground position and the Vessel maneuvered on her own into deeper water. *Id.* ¶¶ 11-12. According to Plaintiff St. Clair's Complaint, Defendant Aho is responsible for close to $10,000 for salvage. Defendant Aho refused to pay the $10,000 salvage charge contained in the Salvage Agreement. The Agreement also allows St. Clair to recover its costs and attorneys fees expended in the efforts to collect amounts due and owing under the Salvage Agreement. *Id.* ¶¶ 13-15. Thus, St. Clair seeks to rewrite the contract it drafted and signed, and collect $9,327.00, plus interest, costs, and attorneys' fees. *Id.* ¶ 15.

Plaintiff St. Clair further alleges that it is entitled to enforcement of its maritime lien by way of arrest of the Vessel along with her engines, tackle, apparel, equipment, and other necessaries, as well as condemnation and sale to satisfy the lien. As discussed *infra*, the Court has authorized arrest of the Vessel.

On May 20, 2014, based upon the verified allegations of Plaintiff's Complaint, this Court authorized seizure of the Vessel, and her appurtenances, under Rule C(3)(a) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, which provides the Court with the authority to issue a warrant for the arrest of a vessel that is subject to an action *in rem*. (ECF No. 6.) On June 4, 2014, Defendants filed a Motion for Relief from the Court's seizure Order. (ECF No. 9.) On June 30, 2014, while the motion for relief from the Court's arrest Order was still pending, Plaintiff requested and drafted, and Defendants agreed to a stipulation to allow Plaintiff to file an Amended Complaint seeking reformation of St. Clair's Salvage Agreement, based upon

an alleged scrivener's error, in response to Defendants' Answer to the Original Complaint.  (ECF No. 11, Stipulation.)

Thus, on July 2, 2014, Plaintiff filed an Amended Complaint.  (ECF No. 15.)  On July 22, 2014, Defendant filed an Answer to the Amended Complaint with Affirmative Defenses, along with a Counter-Claim and a proposed Third-Party Complaint against William Leslie, the captain of the salvage vessel and the "scrivener" of the Salvage Agreement.  (ECF No. 17, Answer and Counterclaim.)  On July 23, 2014, Defendants filed a motion for leave to file a proposed Third Party Complaint.  (ECF No. 18.)

On July 30, 2014, Plaintiff filed a Motion to Compel Arbitration.  (ECF No. 19.)  On August 5, 2014, the Court denied the Defendants' motion for relief from the Order of Arrest on August 5, 2014, allowing for seizure of the Vessel to move forward.  (ECF No. 21.)  That same day, the Court ordered the parties to appear for a status conference on August 11, 2014.  On August 8, 2014, Defendants filed a Motion for Bond and Stay of Warrant.  (ECF No. 26.)

At the the August 11, 2014 hearing, the Court heard argument on Plaintiff's motion for a bond in lieu of seizure.  The Court considered Rule E(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, which provides that the Court shall issue a stay execution of an *in rem* warrant or arrest upon the giving of sufficient security.  The Court also considered Rule E(7), which provides for the giving of security on a counterclaim asserted in an action *in rem.*  The parties were unable to agree on a reasonable amount for the bond; the Court Ordered Plaintiff to post a bond in the amount of $1,000, and instructed the parties to file an Order setting forth the conditions of the bond.  Plaintiff's counsel assured the Court at the hearing that seizure of the Vessel would not take place while the parties finalized the details of the bond.  To

date, the Court has not received the bond Order.

## II.     Plaintiff's Motion to Compel Arbitration

At the August 11, 2014 status conference, the Court also heard argument on the Plaintiff's Motion to Compel Arbitration. Defendants argue that Plaintiff has waived its right to demand arbitration by filing this action and further filing an Amended Complaint in this Court going to the merits of its claim. Plaintiff responds that it has not waived its contractual right to arbitrate by proceeding in this Court to obtain an *in rem* warrant of arrest to protect its maritime lien.

In general, "a party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010) (internal quotation marks and citation omitted). In the case of a plaintiff who changes course and elects to demand arbitration after having first filed its case in a judicial forum, some courts have held that prejudice to the opposing party need not be shown. "[I]nvoking judicial process is *presumptive* waiver." *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390 (7th Cir. 1995) (alteration added) (emphasis in original). These cases apply a presumption that, having chosen to proceed in the judicial forum, the party instituting an action in federal court has waived any right to proceed with arbitration:

> [W]e have held that a court must presume that a party implicitly waived its right to arbitrate when it chooses a judicial forum for the resolution of a dispute. *See Cabinetree*, 50 F.3d at 390. Once a party selects a forum, the courts have an interest in enforcing that choice and not allowing parties to change course midstream. *See id.* The central question is whether the party against whom the waiver is to be found intended its selection and not whether either party would be prejudiced by the forum change. *See id.*

*Grumhaus v. Comerica Securities, Inc.*, 223 F.3d 648, 650-51 (7th Cir. 2000) (alteration added).

However, admiralty cases present unique issues and call for additional analysis. Section 8 of the Federal Arbitration Act provides as follows:

> 8. Proceedings begun by libel in admiralty and seizure of vessel or property.
>
> If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

9 U.S.C. § 8. In *The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42 (1944), the Supreme Court explained:

> Section 8, that with which we are especially concerned, deals with the admiralty jurisdiction. It has already been quoted. If the cause of action is one cognizable in admiralty, then, though the parties have agreed to arbitrate, 'notwithstanding anything herein (i.e. in the Act) to the contrary,' the party claiming to be aggrieved may begin 'his proceeding hereunder by libel and seizure', 'according to the usual course of admiralty proceedings', and the court may direct the parties to proceed with arbitration and retain jurisdiction to enter its decree on the award. Here again the Act plainly contemplates that one who has agreed to arbitrate may, nevertheless, prosecute his cause of action in admiralty, and protects his opponent's right to arbitration by court order. Far from ousting or permitting the parties to the agreement to oust the court of jurisdiction of the cause of action the statute recognizes the jurisdiction and saves the right of an aggrieved party to invoke it.

322 U.S. at 45. *See also The Sydfold*, 25 F. Supp. 662, 663 (D.C.N.Y. 1938) ("The purpose of section 8, 9 U.S.C.A. § 8 is to allow an aggrieved party the benefit of security obtained by attachment; to achieve this end the arbitration is made a phase of the suit in admiralty.").

The leniency granted by section 8, however, is not without limitation. If a plaintiff who invokes the jurisdiction of the federal court to secure attachment of the *res* pursuant to a maritime lien continues to engage in the judicial process as to matters beyond attachment of the *res*, such

5

conduct will be deemed a waiver of the right subsequently to invoke arbitration. The court in *Craig Shipping Co. v. Midland Overseas Shipping Corp.*, 259 F. Supp. 929 (S.D.N.Y. 1966), recognized that section 8 is not without limitation:

> While 9 U.S.C. § 8 contemplates that a party to an arbitration agreement may bring a libel to obtain the benefit of security by attachment, *The Sydfold*, 25 F.Supp. 662 (S.D.N.Y.1938), that section does not give a libellant the unrestricted privilege of utilizing pre-trial procedures. While it may be permissible to allow a libellant discovery of information related to security, any attempt to go to the merits and to retain still the right to arbitration is clearly impermissible.

259 F. Supp. at 931.

In this case, Plaintiff has proceeded with the filing of its original Complaint, but then after seeking and receiving agreement from Defendants via stipulation, proceeded to file an Amended Complaint in this Court, adding a new claim that relates not to the seizure of the Vessel but to the underlying merits of the parties' contractual dispute, to wit, adding a claim for reformation of the parties' contract based upon an alleged scrivener's error. Neither Plaintiff's original nor its Amended Complaint mentions the arbitration provision of the Salvage Agreement.

The Court has been presented with no evidence that, during the 13 months of negotiating in an effort to settle this claim prior to filing this federal court action, Plaintiff ever referenced the contractual arbitration provision, or suggested or demanded arbitration. Plaintiff's actions are utterly inconsistent with reliance on the contractual right to arbitrate, even as that right is clarified in the admiralty context by 9 U.S.C. § 8. Defendants assert that they have been prejudiced by having invested "thousands of dollars" in legal fees in defending this action to date.

The Court has held two status conferences and resolved motions in this matter and is fully advised in the premises. In addition to finding that Plaintiff's conduct in this Court evidences a commitment to litigating this case in this Court, the Court also concludes that Defendants would

suffer prejudice, both in terms of unnecessary delay and financial hardship, by having to reverse course now, and reestablish and relitigate their position in an arbitration proceeding.

### III. CONCLUSION

Plaintiff in this matter, while entitled initially to proceed in this Court to secure arrest of the Vessel without waiving its contractual right to arbitrate the merits, engaged in the judicial process in this Court well beyond what was necessary to secure the Vessel, by amending its Complaint to add a new substantive claim directed to the merits of this matter, after having caused Defendant to expend significant resources in this Court. Accordingly, Plaintiff has waived the right to now change course and seek arbitration. The Court DENIES Plaintiff's motion to compel arbitration. IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 5, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 5, 2014.

s/Deborah Tofil
Case Manager